IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FIFTY THREE THOUSAND
NINE HUNDRED SEVENTY FIVE DOLLARS
IN UNITED STATES CURRENCY
($53,975.00),

    Defendant.

Case No. 1:04-cv-828

Dlott, J.
Black, M.J

## ORDER

    This matter is before the Court on a motion by Lamon Akemon, Jr. to stay the proceedings. (Doc. 6). The United States filed a memorandum in opposition to the motion (doc. 8) and Mr. Akemon has filed a reply. (Doc. 10).

    The United States filed this forfeiture action asserting the defendant currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6). A claimant such as Mr. Akemon must have both Article III and statutory standing to contest a civil forfeiture. *United States v. Currency $267,961.07,* 916 F.2d 1104, 1107 (6th Cir.1990). Article III standing is satisfied by a mere colorable interest in the seized property. Statutory standing is achieved by strictly complying with Federal Rules of Civil Procedure Supplemental Rule for Certain Admiralty and Maritime Claims C(6), which governs *in rem* actions in the district court.[1] Under Rule C(6), a putative claimant must file a claim and answer in order to establish statutory standing to contest the *in rem* forfeiture action.

    Moreover, the Sixth Circuit has stated "[n]otwithstanding the existence of Article III standing, a claimant's failure to strictly adhere to Supplemental Rule C(6) precludes the requisite statutory standing to contest a government forfeiture action." *United States v. Currency $267,691.07*, 916 F.2d 1104, 1108 (6th Cir. 1990).

---

[1] In civil judicial forfeiture actions *in rem*, Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, establishes the statutory standing requirement necessary to challenge the forfeiture of property. 18 U.S.C. § 983 (a)(4)(A); *United States v. $515,060.42 in United States Currency*, 152 F.3d 491, 497 (6th Cir. 1998).

On February 3, 2005, the United States provided Mr. Akemon with notice of his right to file a verified claim and answer in order to contest the forfeiture of the defendant currency.

Mr. Akemon has failed to file a verified claim and answer, however.  The United States maintains, therefore, that Mr. Akemon is not entitled to a stay under 21 U.S.C. § 981(g)(2) because he lacks statutory standing as result of his failure to file a claim and answer as required by 18 U.S.C. § 983(a)(4)(A) and (B) and Rule C(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims.  The Court agrees.

Accordingly, as a result of Mr. Akemon's failure to file the requisite claim and answer, he does not have standing to contest this forfeiture action.  **IT IS THEREFORE ORDERED THAT** Lamon Akemon Jr.'s motion to stay proceedings (doc. 6) is **DENIED**.


*DATE:*  May 10, 2005              s/ Timothy S. Black
                                   Timothy S. Black
                                   United States Magistrate Judge