UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:04-cv-828 |
| Plaintiff, | Dlott, J. |
| vs. | Black, M.J. |
| FIFTY THREE THOUSAND NINE HUNDRED SEVENTY FIVE DOLLARS IN UNITED STATES CURRENCY ($53,975.00), | |
| Defendant. | |

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT (doc. 12) BE GRANTED**

This civil action is before the Court upon Plaintiff the United States of America's motion for entry of default against Lamon Akemon, Jr., the Defendant, Fifty Three Thousand Nine Hundred Seventy Five dollars in United States currency ($53,975.00), and all other persons and entities who might have an interest in the Defendant for failure to file a claim and answer pursuant to 18 U.S.C. § 983 (a)(4)(A) and (B) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.  (Doc. 12.)

**I.**

On October 31, 2005, the Court ordered Mr. Akemon to respond to the complaint and the pending motion for entry of default no later than November 21, 2005.  (Doc. 19.)  On November 23, 2005, Mr. Akemon filed a response to the Show Cause Order, but his response did not cure his failure to establish statutory standing as required by 18 U.S.C. §

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

983 (a)(4)(A) and (B) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.  Thereafter, on December 21, 2005, the Court ordered Mr. Akemon to file his claim and answer no later than January 15, 2006.  (Doc. 24.)  Mr. Akemon has not responded to the Court's Order, nor filed his claim and answer.

## II.

The procedure governing the entry of default and default judgment is provided by Fed. R. Civ. P. 55, which states in pertinent part:

> a)   Entry.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b)   Judgment.  Judgment by default may be entered as follows: (1) By the Clerk.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person. (2) By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

The sequence of procedural steps required of one seeking judgment by default begins with the entry of a default by the clerk upon the plaintiff's request. *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the entry set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk." *United Coin Meter Co.,* 705 F.2d at 844. Additionally, under Fed. R. Civ. P. 55(c), a court may set aside a default judgment in accordance with Fed. R. Civ. P. 60(b). *Id.*

### III.

Upon review of the record, the undersigned finds and recommends that an Entry of Default is warranted.

On December 15, 2004, the United States filed a verified complaint for forfeiture in rem (doc. 1.) pursuant to 21 U.S.C. § 881(a)(6). 21 U.S.C. § 881(a)(6) provides for the forfeiture of :

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

*Id.*

A warrant of arrest in rem issued by this Court on December 29, 2004 (*see* doc. 2) directed the United States Marshal for the Southern District of Ohio to arrest the Defendant.

The warrant required any person or entity claiming an interest in the Defendant to file a verified claim, that is a statement of interest in or right against the Defendant, with the Clerk of the Court within thirty days after receipt of actual or published notice of this action and the arrest of the Defendant and to file an answer within twenty days after the filing of the claim. The warrant further required the Plaintiff to publish notice of the arrest of the Defendant and the forfeiture action in a newspaper of general circulation in the Southern District of Ohio.

On January 30, 2005, the United States Marshals Service arrested the Defendant currency, bringing the Defendant within the jurisdiction of the Court. (Doc. 3.) The United States served a copy of the complaint, warrant, summons, and interrogatories by certified mail upon Lamon Akemon, Jr., through his attorney Walter Wurster, on February 3, 2005, (doc. 5) and by certified mail, upon Lamon Akemon, Jr. at the Chillicothe Correctional Institution on February 3, 2005. (Doc. 9.) The U.S. Postal Service returned executed receipts of delivery. The summons and warrant directed any person or entity claiming an interest in the Defendant to file a claim with the Clerk of the Court within thirty days after receipt of actual or published notice of this action and to file an answer to the United States' complaint within twenty days after the filing of the claim.

The United States published notice of the arrest of the Defendant and this civil forfeiture action in the Cincinnati Court Index Press, a newspaper of general circulation in the Southern District of Ohio, on February 3, 10, and 17, 2005. (Doc. 6.)

No person, including Lamon Akemon, Jr., has filed a claim to the Defendant or an

answer to the United States' complaint for forfeiture in rem.

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's request for Entry of Default (doc. 12) be **GRANTED,** and the Clerk of Court be **DIRECTED** to file an Entry of Default against Lamon Akemon, Jr., and the Defendant Fifty Three Thousand Nine Hundred Seventy Five dollars in United States Currency ($53,975.00) pursuant to Fed. R. Civ. P. 55(a).

Date:January 25, 2006                                                   s/ Timothy S. Black
                                                                                          Timothy S. Black
                                                                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:04-cv-828 |
| Plaintiff, | Dlott, J. |
| vs. | Black, M.J. |
| FIFTY THREE THOUSAND NINE HUNDRED SEVENTY FIVE DOLLARS IN UNITED STATES CURRENCY ($53,975.00), | |
| Defendant. | |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).