IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:04-cv-828 |
| Plaintiff, | : | District Judge Susan J. Dlott |
| v. | : | Magistrate Judge Timothy S. Black |
| $53,975 IN U.S. CURRENCY, | : | ORDER ADOPTING REPORT AND RECOMMENDATION AND |
| Defendant. | : | DIRECTING ENTRY OF DEFAULT JUDGMENT |

This matter comes before the Court on the Magistrate Judge's Report and Recommendation on Plaintiff United States' Motion for Entry of Default Judgment ("R&R") (doc. #25); *pro se* Respondent Lamon Akemon, Jr.'s Opposition (doc. #27), Motion to Set Aside Entry of Default (doc. #28), and Claim (doc. #29); and the United States' Response (doc. #30).  For the reasons below, the Court **ADOPTS** the R&R (doc. #25); **GRANTS** the United States' Motion for Entry of Default Judgment (doc. #12); and **DIRECTS** the Clerk of Court to file an Entry of Default against Akemon and Defendant Currency.  The Court also **DENIES** Akemon's Motion to Set Aside Entry of Default (doc. #28) and **DISMISSES AS MOOT** Akemon's Claim (doc. #29).

I. BACKGROUND

The United States moves for a default judgment on its complaint (doc. #1) seeking forfeiture of $53,975.00 in cash which the United States alleges constitutes forfeitable proceeds "furnished or intended to be furnished in exchange for a controlled substance," "traceable to such an exchange," or "used or intended to be used to facilitate a controlled substance violation" ("Defendant Currency").  (Id. at 1; 21 U.S.C. §881(a)(6).)  Defendant Currency was seized from Akemon's

residence on October 10, 2003 pursuant to a state search warrant executed by the Butler County Sheriff's office, and then transferred to agents of the Federal Bureau of Investigation ("FBI") on July 15, 2004 pursuant to a federal seizure warrant. (See, e.g., doc. #1-2 at 2-3.)[1] After the state seizure but before the federal seizure, Akemon was indicted for and pled guilty to two counts of trafficking in cocaine in the Hamilton County Court of Common Pleas. (See, e.g., id. at 5.)

The United States filed its federal forfeiture complaint on December 15, 2004 (doc. #1) and obtained a warrant for arrest *in rem* from this Court on December 29, 2004 (doc. #2). Akemon was served with copies of the forfeiture complaint and *in rem* warrant, as well as interrogatories, on February 3, 2005, four days after FBI agents arrested Defendant Currency. (Docs. ##s 3, 5.) Notice of the forfeiture and arrest were published on February 3, 10, and 17, 2005. (Doc. #4.) Akemon filed a motion to stay forfeiture on February 10, 2005 (doc. #6), but did not immediately answer the United States' complaint or interrogatories or file a claim to Defendant Currency. The Magistrate denied Akemon's stay motion, finding that Akemon lacked standing to request a stay or contest the underlying forfeiture because Akemon had not timely filed a verified claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Supplemental Federal Rule for Certain Admiralty and Maritime Claims C(6)(a). (Doc. #11.)

On May 17, 2005, shortly after Akemon's stay motion was denied, the United States filed its present Motion for Entry of Default against Defendant Currency and Akemon pursuant to Federal Rule 55(a) (doc. #12). Instead of entering default, the Court granted an intervening motion for leave to appear as counsel for Akemon and waited for Akemon's counsel to file a responsive pleading.

---

[1] The Court cites to the affidavit supporting the United States' complaint for convenience, and with the recognition that Akemon does not appear to contest the specific facts set forth here. (Cf., e.g., doc. #27 at 3-5.)

(See doc. #19.) Akemon's counsel subsequently withdrew without filing any pleadings. (See id. and docs. ##s 13-18.) On October 31, 2005, the Court issued its first show cause order to Akemon, directing Akemon to respond to the United States' forfeiture complaint (doc. #1) and Motion for Entry of Default (doc. #12) no later than November 21, 2005. (Doc. #19.)

Akemon filed a consolidated Response on November 23, 2005 (doc. #20) and an Amended Response on December 2, 2005 (docs. ##s 21, 22), contending in essence that the forfeiture action must be dismissed[2] because civil forfeiture constitutes–in practical terms–a criminal penalty and the State of Ohio's and United States' seizures of his property were not based on facts found by a jury beyond a reasonable doubt. (See, e.g., doc. #22 at 2-9.) The Magistrate determined that Akemon's Response(s) did not satisfy the verified claim requirements of 18 U.S.C. § 983 and Rule C(6), and further noted that Akemon had failed to answer the United States' interrogatories. (Doc. #24.)

On December 21, 2005, the Magistrate issued a *second* show cause order to Akemon, finding that Akemon's Response (docs. ##s 20-22) did not cure his failure either to establish statutory standing as required by 18 U.S.C. § 983(a)(4) and Supplemental Federal Rule C(6), or to answer the United States' interrogatories as required by Rule C(6). (Doc. #24 at 1.) The Magistrate directed Akemon to file his "claim and answer (including interrogatories) no later than January 15, 2006." (Id. at 2.) On January 9, 2006, Mr. Akemon filed partial responses to the United States' interrogatories, leaving a number of questions blank and responding to a number of others only by contending that FBI agent Gerald William(s) has the relevant information. (See generally doc. #26.)

---

[2] Akemon also appears to urge the Court to vacate the State of Ohio's civil forfeiture of his Toyota 4 Runner truck. (Doc. #22 at 2-3, 7.) Because the United States' forfeiture complaint concerns only cash, the truck forfeiture is not properly before this Court.

3

Akemon did not file any other documents or pleadings with this Court before the January 15, 2006 deadline established in the second show cause order. Since January 15, however, Mr. Akemon has filed not only Objections (doc. #27) to the Magistrate's pending R&R, discussed infra, but also a Motion to Set Aside Plaintiff's Motion for Entry of Default (doc. #28) and a Claim (doc. #29).

Akemon's Objections (doc. #27) dispute the Magistrate's findings that he has failed to (1) respond to the Court's second show cause order; (2) file his claim, answer, or interrogatories; or (3) otherwise adequately plead and defend his claim.[3] (Doc. #27 at 1-2.) Akemon also asserts that Defendant Currency is not "within the class of moneys" subject to forfeiture under 21 U.S.C. § 881(a)(6). (Id. at 2.) Finally, and at most length, Akemon argues a number of substantive forfeiture defenses. He notes that Defendant Currency was originally seized by state agents along with other property, some of which was forfeited in state proceedings, and was not turned over to the FBI until approximately nine months after its initial seizure and well after his April 30, 2004 drug conviction. (Id. at 2-4.) He contends that the State never contested his standing in the state forefeiture and that the United States is therefore barred from contesting it here; that because the State initially seized Defendant Currency and presided over Akemon's drug trafficking conviction, only the State could petition this Court for forfeiture; that forfeiture is untimely in light of the nine-month gap between the State and federal seizures of Defendant Currency and five-month gap between the federal seizure and filing of the federal forfeiture complaint. (Id. at 2-5.) Finally, Akemon contends that because he has already been sentenced to prison for trafficking in the drugs allegedly associated with

---

[3] Akemon attaches a prison postal receipt, dated January 5, 2006, that he alleges accompanied his "response" and establishes that the response was therefore timely. (Doc. #27 at 2 and Ex. A.) Akemon does not specify the documents attached to this receipt, and it appears that this receipt accompanied only his interrogatories, which, as the Court has recognized, *were* filed before Janaury 15, 2006. (See discussion supra and doc. #26.)

4

Defendant Currency, the forfeiture constitutes an "additional criminal punishment" in violation of the double jeopardy clauses of the federal and Ohio constitutions. (Id. at 5.)

Akemon's Motion to Set Aside Default (doc. #28) requests simply that the United States' Motion for Entry of Default be denied under Federal Rule 55 or set aside under Federal Rule 60(b). (Doc. #28 at 1.)

Akemon's Claim (doc. #29) asserts that Defendant Currency constitutes legitimately acquired earnings that may not now be forfeited by the United States; that the Butler County Sheriffs who initially seized Defendant Currency from Akemon's putative residence at 18 Fall Wood Drive lacked probable cause to do so because there was no "finding of residency;" and–in a reprise of one of his Objections–that the Court lacks jurisdiction over this matter because it is the State (or County) that initially seized the property that must petition for forfeiture before this Court. (Doc. #29 at 1-2; see also doc. #27 at 3.) The Claim also contends, in apparent reference to the FBI's seizure of Defendant Currency from the State, that "no timely warrant" was filed. (Id. at 2.)

The United States addresses its R&R Response not only to Akemon's R&R Objections and Motion to Set Aside Default, but also to Akemon's Claim. (Doc. #30.) It contends that Akemon's Claim is untimely under the Court's second show cause order, and that both the Claim and interrogatory responses are also inadequate under Federal Supplemental Rule C(6).[4] (Id. at 1-2.) The Response concludes that Akemon has procedurally defaulted his right to contest the forfeiture and urges the Court to promptly enter the default judgment (doc. #12) it requested in May 2005. (Id.

---

[4] The United States also argues that Akemon has not filed an answer, or–to the extent that his Claim (doc. #329) may be construed as an answer–no answer that satisfies the pleading requirements of Federal Rule 8(b). (Doc. #30 at 1 n.1.)

at 2-3.) The United States disputes Akemon's contention that Defendant Currency is not forfeitable proceeds, but does not address the other substantive issues raised in Akemon's pleadings. (Id. at 2.)

## II. ANALYSIS

On January 25, 2006, after the Court's second show cause deadline passed but before Akemon filed his Motion to Set Aside Default (doc. #28) or Claim (doc. #29), the Magistrate filed his R&R advising the Court to promptly grant the United States' motion and direct entry of a default judgment against Defendant Currency and Akemon. (Doc. #25.) The Magistrate reasoned that Akemon had violated not only the standard deadlines of Rule C(6), but also the significantly extended deadlines established in the Court's two show cause orders. (Id.) The Court **ADOPTS** the Magistrate's R&R with the supplemental analysis below.

Rule 55 of the Federal Rules of Civil Procedure provides, in relevant part:

**(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

**(b) Judgment.** Judgment by default may be entered as follows:

* * * *

> **(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed R. Civ. P. 55(a), (b).

As the Magistrate Judge explained in the very first order of this proceeding, putative forfeiture claimants must establish standing to contest a forfeiture by filing a verified claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. (Doc. #11 at 1 n.1 (citing in part United States v. $515,060.42, 152 F.3d 491, 497 (6th Cir. 1998).) Section 983(a)(4)(A) provides that

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

18 U.S.C. § 983(a)(4)(A). Rule C(6)(a) provides in relevant part:

> In an in rem forfeiture action for violation of a federal statute:
>
> (i) a person who asserts an interest in or right against the property that is the subject of the action must file a *verified statement identifying the interest or right*:
>
> > (A) within 30 days after the *earlier of* (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or
> >
> > (B) *within the time that the court allows*.
>
> * * * *
>
> (iii) a person who asserts an interest in or right against the property must serve and file an answer within 20 days after filing the [statement].

Fed. R. Civ. P. Supp. R. C(6)(a)(i), (iii) (emphasis added).

The Magistrate's initial order also emphasized that Rule C(6) is usually strictly construed. (Doc. #11 at 1 (citing United States v. Currency, $267,691.07, 916 F.2d 1104, 1108 (6th Cir. 1990).) Absent an extension of time by the Court, a literal reading of Rule C(6) would have required Akemon to file his verified claim within thirty days of the United States' February

3, 2005 service of the forfeiture complaint, or March 6, 2005, and an answer within twenty days of the claim, or March 26, 2005. The more liberal construction adopted in the United States' Motion for Entry of Default (doc. #12) would have extended these deadlines to approximately March 20 and April 5, 2005, or 30 days and 50 days, respectively, from the last date the United States published its forfeiture notice. (See doc. #12 at 3.) Only one of Akemon's pleadings – his February 10, 2005 stay motion – even remotely complies with either set of deadlines.

The Court understands that Akemon may have construed his February 10, 2005 stay motion as tolling his claim, answer, and interrogatory deadlines under Rule C(6). This is somewhat beside the point, however, given that Akemon failed to timely file those papers even *after* the Court denied his stay motion and the United States moved for entry of default judgment in May 2005. The Court nevertheless declined to enter judgment against Akemon, instead issuing two show cause orders extending Akemon's deadline first to November 21, 2005, and then to January 15, 2006. (See docs. ##s 19, 24.) In the wake of each show cause order, as well as the Magistrate's January 25, 2006 R&R, Akemon filed pleadings purportedly responding to the United States' forfeiture complaint. (See docs. ##s 20-22 and 26-29.) With the exception of Akemon's incomplete interrogatory responses (doc. #26), however, all of these pleadings were filed after the deadlines set forth in the respective show cause orders. Akemon's latest Claim (doc. #28) and Motion to Set Aside Default (doc. #29), filed three weeks after the Court's last show cause deadline, are even less timely than his previous round of filings.[5]

---

[5] Akemon's Objections (doc. #27) were filed one day before his Claim and Motion to Set Aside Default. They are only slightly untimely, however, at least insofar as they constitute proper objections to the Magistrate's January 25, 2006 R&R. See doc. #25 at 6 (stating that, pursuant to Federal Rule 72(b), objections are due within 10 days of R&R's filing.)

The plain language of Rule C(6)(a)(i)(B)–providing for filing of a verified claim, and by extension an answer, "within the time that the Court allows"–gives courts some discretion to grant claimants standing to contest civil forfeitures despite their violation of Rule C(6) timeliness requirements. Fed. R. Civ. P. Supp. R. C(6)(a)(i)(B), (iii); see also, e.g., United States v. 1983 Yukon Delta Houseboat, 774 F.2d 1432, 1435-36 (9th Cir. 1985) and United States v. Real Property at 2659 Roundhill Dr., 190 F.3d 1020, 1024 (9th Cir. 1999). Courts may also grant *pro se* litigants special leniency in enforcing certain procedural requirements. See, e.g., Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004).

Akemon's pleadings–considered with regard to his *pro se* status, and on the assumption that the Court may in its Rule C(6) discretion consider his very latest filings–arguably satisfy, in *content,* the standing requirements discussed above. The United States characterizes Akemon's Claim (doc. #28) as "inadequate," but does not explain how it falls short except to point out that it is unverified. (Doc. #30 at 1-2.) A 18 U.S.C. § 983 claim "need not be made in any particular form," however, so long as it adequately identifies the subject property and claimant's interest and is made under oath. See 18 U.S.C. § 983(2)(C), (D). The identity of Defendant Currency and Akemon's interest in it appear to be undisputed, and the Court is willing to construe Akemon's signature as satisfying the verification requirement in light of his *pro se* (and incarcerated) status. Moreover, while Akemon has yet to file any formally captioned "answer" to the United States' complaint, he has filed several pleadings clearly challenging the United States' core allegation that Defendant Currency constitutes forfeitable proceeds and detailing a series of legal defenses to the forfeiture. (See, e.g, docs. ##s 22, 27-29; see also Fed. R. Civ. P. 8(b)) And while Akemon's interrogatory responses appear incomplete, his filing of those

responses evinces some effort to comply with each of the demands in this Court's latest show cause order.

In light of Akemon's long history of dilatory filings, however, the court is reluctant to find that Akemon has satisfied his statutory standing requirements without some showing of excusable neglect. The United States filed its forfeiture complaint over a year ago, and it has been nearly a year since Akemon–under the most natural reading of Rule C(6)–was required to respond with a verified claim, answer, and interrogatories in order to preserve his putative claim to Defendant Currency. The procedural leniency afforded *pro se* litigants is not unbounded when it comes to satisfaction of "basic pleading standards," including those established by Rule C(6). Martin, 391 at 714; see also Yukon Delta Houseboat, 774 F.2d at 1435-36 (noting that a court's discretion to extend filing deadlines under Rule C(6) is "not unbounded" and should be exercised with sensitivity to the goal of resolving potential disputes without undue delay).

Because Akemon has not shown that he deserves any further forbearance from this Court, the Court hereby **ADOPTS** the Magistrate's R&R (doc. #25); **GRANTS** the United States' Motion for Entry of Default (doc. #12); **DENIES** Akemon's Motion to Set Aside Entry of Default (doc. #28); and **DISMISSES AS MOOT** Akemon's Claim (doc. #29). In light of these rulings, the Court expresses no opinion on the merits of any of the substantive challenges to the forfeiture of Defendant Currency set forth in Akemon's Objections (doc. #27), Claim (doc. #29), and other filings.

## III. CONCLUSION

For the reasons above, the Court **ADOPTS** the Magistrate's Report and Recommendation (doc. #25); **GRANTS** the United States' Motion for Entry of Default

Judgment (doc. #12); and **DIRECTS** the Clerk of Court to enter a default judgment against Respondent Lamon Akemon, Jr. and Defendant Fifty-Three Thousand Nine Hundred Seventy-Five Dollars in United States Currency ($53,975.00).  Akemon's Motion to Set Aside Entry of Default (doc. #28) is **DENIED**, and his Claim (doc. #29) is **DISMISSED AS MOOT**.

IT IS SO ORDERED.

    ___s/Susan J. Dlott___
Susan J. Dlott
United States District Judge